Joseph A. Mazur, J.
The defendants’ motions (1) to dismiss the Grand Jury direction for failure to allege that the defendants jointly committed alleged crimes in violation of CPL 200.10, 200.40 and 190.70 (subd 2); (2) to dismiss the prosecutor’s information on the ground that the District Attorney exceeded his authority in charging the defendants with acting in concert in the commission of the alleged crimes when no such accusation was made by the Grand Jury direction nor authorized by the Supreme Court’s order and direction; and (3) to dismiss the prosecutor’s information on the ground that the evidence before the Grand Jury was legally insufficient and provided no reasonable cause to believe the defendants committed a crime are denied. The People’s motion to amend the *222 direction of the Grand Jury and order of the Supreme Court is also denied.
Pursuant to the provisions of CPL 190.70 the Grand Jury directed the District Attorney of Bronx County to file an information in the Criminal Court charging the defendants with six counts of petit larceny and one count of aggravated harassment. A Justice of the Supreme Court entered an order approving the aforesaid direction. Subsequently, the District Attorney filed an information charging each defendant with crimes contained in the direction. The information alleges the seven counts contained in the direction, charging the defendants as acting in concert to commit these crimes.
CPL 170.30 and 170.35 enumerate the grounds upon which a defendant may move to dismiss a prosecutor’s information. The Commentary to CPL 170.35 (McKinney’s Cons Laws of NY, Book 11 A, p 45) states: "Subdivision 3 deals exclusively with defects peculiar to prosecutor’s informations. It should be observed that, with respect to a prosecutor’s information filed at the direction of a grand jury, defects in the underlying grand jury evidence and proceedings are not raised on the motion at hand in the local criminal court, but on a motion to dismiss made in the superior court which empaneled the grand jury (see § 170.50). If however, the prosecutor’s information does not conform to the grand jury direction with respect to the offenses charged, such constitutes a defect which may be raised upon the instant lower court motion (subd 3 [a]).”
This court finds that defects which may exist in the proceedings prior to the filing of a prosecutor’s information may be presented for consideration by the lower court upon a motion to dismiss the information. That these defects should create the jurisdiction necessary for the court to consider a motion by the defendant to dismiss the Grand Jury direction and order of the Supreme Court or a motion to amend by the People such direction and order is a proposition this court cannot accept.
CPL 170.50 states:
"1. At any time after arraignment in a local criminal court upon a prosecutor’s information filed at the direction of a grand jury and before entry of a plea of guilty thereto or commencement of a trial thereof, the superior court which impaneled such grand jury may, upon motion of the defendant, dismiss such prosecutor’s information or a count thereof upon the ground that:
*223 "(a) The evidence before the grand jury was not legally sufficient to support the charge; or
"(b) The grand jury proceeding resulting in the filing of such prosecutor’s information was defective.”
Defects or insufficiency of evidence in the Grand Jury proceeding are matters which occur in the superior court rather than the local criminal court and should then be determined by the superior court. A defendant’s attack upon the direction and order of a higher court or a motion to amend such, by the prosecution should be brought before that court under this and other applicable provisions of the CPL.
This court concludes that the Grand Jury has decided that the defendants should be charged jointly with the aforesaid crimes. The court bases its opinion upon its reading of the Grand Jury minutes as well as the direction and order of the Supreme Court. The failure by the Grand Jury and the order by the Supreme Court to indicate "jointly” is a defect that can be disregarded without prejudice to the defendant.
As to the last count of the indictment for aggravated harassment, the motion to dismiss against the defendants, Preston and Schero is granted. The motion to dismiss for lack of reasonable cause and legal insufficiency of the evidence as to the other six counts against all defendants as well as the count for aggravated harassment against the corporation, CAI is denied.